UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **In re:** ) | Case No. 15-16835-MER |
| ) | **(Joint Administration Requested)** |
| **Midway Gold US Inc.,** *et al*. ) | |
| ) | **Chapter 11** |
| **Debtors.**[1] ) | |
| ) | |

**DEBTORS' EXPEDITED MOTION FOR AN ORDER AUTHORIZING MIDWAY GOLD US, INC. TO ACT AS THE DEBTORS' FOREIGN REPRESENTATIVE IN <u>ANCILLARY CANADIAN INSOLVENCY PROCEEDINGS</u>**

Midway Gold US Inc. and the affiliated debtors and debtors in possession in these cases (collectively, the "<u>Debtors</u>") hereby file this this *Expedited Motion for an Order Authorizing Midway Gold US, Inc. to Act as the Debtors' Foreign Representative in Ancillary Canadian Insolvency Proceedings* (the "<u>Motion</u>").  This Motion is supported by the Declaration of Bradley J. Blacketor in Support of First Day Pleadings filed contemporaneously herewith and attached to the *Motion for Entry of Expedited Orders* (the "<u>First Day Dec.</u>") filed contemporaneously herewith and by the entire record of the cases.  In further support, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases under 28 U.S.C. §§ 157 and 1334 and the automatic reference of all bankruptcy cases to this Court pursuant to Rule 83.3 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: MDW Pan LLP (4096), Midway Gold Corp. (9178), MDW Pan Holding Corp. (0235), MDW Mine ULC (9538), Midway Services Company (5123), MDW Gold Rock LLP (5234), RR Exploration LLC (8848), Nevada Talon LLC (2943), Midway Gold Realty LLC (8923), Midway Gold US Inc. (8512), GEH (BC) Holding Inc. (n/a), GEH (US) Holding Inc. (3986), Golden Eagle Holding Inc. (4065), MDW-GR Holding Corp. (5722).

3. The Debtors' corporate headquarters and their executive level and senior management are all located in Englewood, Colorado and have been for the 180 days immediately prior to the Petition Date. Accordingly, venue of these cases and related proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. Three of the Debtors, Midway Gold Corporation, GEH (BC) Holding Inc. and MDW Mine ULC (together, the "Canadian Debtors") are incorporated in British Colombia, Canada. Section 109(a) of the Bankruptcy Code sets forth the basic requirements for a "person" to commence a case under the Bankruptcy Code and provides as follows: "Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title."

5. Each of the Canadian Debtors owns property in the United States and maintains a place of business in the United States. First, each of the Canadian Debtors has sent retainers to their United States counsel, which retainer is kept on behalf of each of the Debtors, including the Canadian Debtors, by the Debtors' two United States counsel. Second, the Canadian Debtors have their principal "place of business" in the United States because, among other things, (i) the Debtors are U.S.-based gold producers and all the Debtors' mineral properties are located in Nevada and Washington, (ii) the Debtors' corporate group is an integrated group with the nerve center of all operations in the state of Colorado, where the Debtors' executive management and headquarters is located, and in the state of Nevada, where most of the Debtors' mineral properties are located, (iii) the seat of the enterprise's management functions is in the state of Colorado, where all corporate and strategic decisions are made, and (iv) all of the Debtors' employees are located in the United States.

6. The Debtors also have certain assets and operations in Canada. For example, common stock of Midway Gold Corp. trades publicly on the Toronto Stock Exchange. In connection with the commencement of these chapter 11 cases, each of the Canadian Debtors has filed a chapter 11 petition with this Court. In addition, Midway US, as the proposed Foreign Representative (as defined below), intends to seek ancillary relief in Canada on behalf of all Debtors, pursuant to the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36 as amended (the "CCAA") in the Supreme Court of British Columbia (the "Canadian Court") in Vancouver, British Columbia, Canada. The purpose of the ancillary proceedings will be to request that the Canadian Court recognize these chapter 11 cases as a "foreign main proceeding" under the applicable provisions of the CCAA (the "Canadian Proceedings") in order to, among other things, protect the Debtors' assets and operations in Canada.

## RELIEF REQUESTED AND BASIS FOR RELIEF

7. To commence the Canadian Proceedings, the Debtors require authority for a Debtor entity to act as the "foreign representative" of the Debtors' estates (the "Foreign Representative") and, therefore, the Debtors will seek to appoint Midway US as Foreign Representative. Specifically, section 46 of the CCAA provides:

> 1) **Application for recognition of a foreign proceeding**. — A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.
>
> 2) **Documents that must accompany application**. —. . . the application must be accompanied by. . . *(b)* a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity. . .

*Companies' Creditors Arrangement Act*, R.S.C., Ch. C-36, § 46 (1985) (Can.).

8.     For Midway US to be recognized as the Foreign Representative of the Debtors in the Canadian Proceedings and apply to have these chapter 11 cases recognized by the Canadian Court, an order of this Court must be entered authorizing Midway US to act as Foreign Representative in the Canadian Proceedings.  If the order is granted, Midway US will be able to file such order with the Canadian Court as the instrument authorizing Midway US to act as the Foreign Representative pursuant to section 46 of the CCAA.[2]

9.     By this Motion, the Debtors request that the Court authorize Midway US to act as the Foreign Representative on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country, including in the Canadian Proceedings.

10.    Section 1505 of the Bankruptcy Code provides that:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541.  An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

11 U.S.C. § 1505.

11.    Further, section 1107(a) of the Bankruptcy Code provides in relevant part:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the rights to compensation under section 330 of this title, and powers, and shall perform all the functions and duties. . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

12.    Although the Debtors believe that section 1107 of the Bankruptcy Code confers upon Midway US, as a debtor in possession, sufficient rights, powers and duties to act as a

---

[2] The Debtors intend to propose that an information officer (the "Information Officer") be appointed by the Canadian Court in the Canadian Proceedings. The Information Officer will serve as an officer of the Canadian Court and report to the Canadian Court from time to time (including at the hearing of the initial application) on the status of these chapter 11 cases, the proposed restructuring of the Debtors, the Canadian Proceedings, and any other information that may be material to the Canadian Court. The Information Officer and its counsel will be compensated by Midway in accordance with the terms of the initial order of the Canadian Court.

Foreign Representative of the Debtors' estates, to avoid any possible confusion or doubt regarding this authority and to comply with the requirements of section 46 of the CCAA, the Debtors will seek the entry of an order from this Court under section 1505 of the Bankruptcy Code explicitly authorizing Midway US to act as the Foreign Representative of the Debtors' estates in the Canadian Proceedings and in any other judicial or other proceeding in a foreign country.

13. Authorizing Midway US to act as Foreign Representative on behalf of the Debtors' estates in the Canadian Proceedings will allow coordination of these Chapter 11 cases and the Canadian Proceedings, and provide an effective mechanism to protect and maximize the value of the Debtors' assets on both sides of the border.

## NOTICE

14. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Colorado, (ii) the Commonwealth Bank of Australia, (iii) Hale Capital Partners, L.P., (iv) the creditors appearing on the Debtors' consolidated list of top 30 unsecured creditors, (v) the Internal Revenue Service, (vi) the Securities and Exchange Commission, (vii) the Nevada Bureau of Land Management and any local, state, provincial, or federal agencies that regulate the Debtors' businesses, and (viii) all parties requesting notices pursuant to Bankruptcy Rule 2002. A copy of this motion is also available at the Debtors' case website at http://dm.epiq11.com/MidwayGold. The Debtors respectfully submit that, under the circumstances, no other or further notice is warranted.

## NO PRIOR REQUEST

15. No prior request for the relief sought in this Motion has been made to this Court or any other court in connection with these cases.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: June 22, 2015

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*/s/ Stephen D. Lerner*
Stephen D. Lerner (Ohio #0051284)
Squire Patton Boggs (US) LLP
221 E. Fourth Street, Suite 2900
Cincinnati, OH 45202
(513) 361-1200 (phone)
(513) 361-1201 (fax)
Stephen.lerner@squirepb.com
Admitted to District Court for District of Colorado

Nava Hazan (NY # 3064409)
Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
(212) 872-9800
(212) 872-9815
Nava.hazan@squirepb.com
Admitted to District Court for District of Colorado

SENDER WASSERMAN WADSWORTH, P.C.

*/s/ Harvey Sender*
Harvey Sender, #7546
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
(303) 296-1999; (303) 296-7600 (fax)
hsender@sww-legal.com

**Attorneys for the Debtors and Debtors in Possession**