UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 15-16835 MER |
| | ) | |
| **MIDWAY GOLD US INC.** *et al.*,[1] | ) | Chapter 11 |
| | ) | Jointly Administered Under |
| Debtors. | ) | Case No. 15-16835 MER |
| | ) | |

# ORDER AUTHORIZING THE IMPLEMENTATION OF A KEY EMPLOYEE RETENTION PLAN FOR NON-INSIDER EMPLOYEES

THIS MATTER comes before the court on the *Motion of Debtors and Debtors in Possession for an Order Authorizing the Implementation of a Key Employee Retention Plan for Non-Insider Employees* (the "Motion")[2] filed on August 28, 2015 by Midway Gold US Inc. and its affiliated debtors and debtors-in-possession (the "Debtors").  The court, having reviewed the Motion and the objection by the United States Trustee, and having received the offer of proof from the Movant, finds that (i) the Court has jurisdiction over this matter and this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2), (ii) sufficient notice of the Motion has been given and no other or further notice or opportunity to be heard is necessary or warranted; (iii) the implementation of the KERP is justified by the facts and circumstances of these cases, and (iv) good cause exists to approve the implementation of the KERP as provided for herein, and therefore

ORDERS as follows:

1. The Motion is GRANTED.

2. The Debtors are hereby authorized, but not directed, to implement the KERP for the benefit of the seven Key Employees as described in the Motion and to take all necessary or appropriate actions in doing so and to otherwise effectuate the relief granted herein.

3. Nothing herein is intended to grant the Key Employees a right to receive any payments contemplated by the KERP.  Rather, this order simply authorizes the Debtors to make such KERP

---

[1] The Debtors and their respective case numbers are: Midway Gold US Inc. (15-16835 MER); Midway Gold Corp. (15-16836 MER); Golden Eagle Holding Inc. (15-16837 MER); MDW-GR Holding Corp. (15-16838 MER); RR Exploration LLC (15-16839 MER); Midway Services Company (15-16840 MER); Nevada Talon LLC (15-16841 MER); MDW Pan Holding Corp. (15-16842 MER); MDW Pan LLP (15-16843 MER); MDW Gold Rock LLP (15-16844 MER); Midway Gold Realty LLC (15-16845 MER); MDW Mine ULC (15-16846 MER); GEH (B.C.) Holding Inc. (15-16847 MER) , GEH (US) Holding Inc. (15-16848 MER).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned in the Motion.

010-8090-6823/1/AMERICAS

payments as described in the Motion in their discretion, and the Debtors reserve their right to exercise their business judgment in connection with making any such payments.

4. The Debtors may modify the terms of the KERP in consultation with their Secured Lenders and the Committee, solely to (i) provide for the payment of any lesser amount to a particular Key Employee, or (ii) make minor adjustments to the timing of the payment to a particular Key Employee, in each case without further order of the Court.

5. In the event that the Debtors determine, in their discretion, that cause exists to terminate a Key Employee, the Debtors shall notify such Key Employee in writing of the basis for and the effective date of such termination (the date on which such notice is given being the "Notice Date").  To the extent such Key Employee disputes the sufficiency of the cause for termination (recognizing that the determination of cause is in the discretion of the Debtors), the Debtors and the Key Employee shall use their best efforts to resolve the dispute, which resolution may include, in the discretion of the Debtors, the ability to pay a lesser amount to such Key Employee than originally provided for under the KERP.  If a resolution cannot be reached within ten business days of the Notice Date (the "Resolution Date"), the Key Employee shall file a written objection with respect to the termination for cause with the Court within ten business days of the Resolution Date.  In such event, the Debtors shall not be authorized to pay any amount to the Key Employee until the dispute is resolved by a final non-appealable order entered by the Court or as otherwise settled by the parties with the approval of the Court.

6. Payments required to be made to a Key Employee under the KERP shall be senior in priority to all payment obligations currently due and owing or that may become due and owing to any of the Secured Lenders, whether on account of the Senior Secured Obligations, the Subordinate Secured Obligations, the Adequate Protection Obligations (if any), and any other obligations that may arise in connection with the use of cash collateral or the extension of postpetition financing by any of the Secured Lenders.[3]

7. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

DATED this 11th day of September, 2015.

BY THE COURT:

U.S. Bankruptcy Judge

---

[3] Capitalized terms used in this paragraph but not otherwise defined in the Motion shall be given the meanings assigned in the *Second Interim Order (A) Authorizing Post-Petition Use of Cash Collateral, (B) Granting Adequate Protection to Secured Parties, (C) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (D) Granting Related Relief* (Doc. No. 228), as may be amended, supplemented, and/or modified from time to time.

010-8090-6823/1/AMERICAS