**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 15-16835 MER** |
| | ) | |
| **MIDWAY GOLD US INC.** ***et al.*****,**[1] | ) | **Chapter 11** |
| | ) | **Jointly Administered Under** |
| **Debtors.** | ) | **Case No. 15-16835 MER** |
| | ) | |

**STIPULATION RESOLVING UNITED STATES TRUSTEE'S LIMITED OBJECTION TO MOTION OF DEBTORS FOR AN ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES PURSUANT TO 11 U.S.C. § 105 AND RULES 2002 AND 9007 OF THE BANKRUPTCY RULES**

Midway Gold US Inc. and the affiliated debtors and debtors in possession in these cases (collectively, the "Debtors"), by and through its undersigned counsel, and the United States Trustee, by and through his counsel, for their *Stipulation Resolving United States Trustee's Limited Objection to Motion of Debtors for an Order Establishing Certain Notice, Case Management and Administrative Procedures Pursuant to 11 U.S.C. § 105 and Rules 2002 and 9007 of the Bankruptcy Rules* (the "Stipulation"), hereby state as follows:

Recitals

A. On June 22, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are continuing in possession of their property and are operating and managing their business and affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. On July 1, 2015, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). No trustee or examiner has been appointed.

C. This Court has jurisdiction over these cases under 28 U.S.C. §§ 157 and 1334.

D. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

[1] The Debtors and their respective case numbers are: Midway Gold US Inc. (15-16835 MER); Midway Gold Corp. (15-16836 MER); Golden Eagle Holding Inc. (15-16837 MER); MDW-GR Holding Corp. (15-16838 MER); RR Exploration LLC (15-16839 MER); Midway Services Company (15-16840 MER); Nevada Talon LLC (15-16841 MER); MDW Pan Holding Corp. (15-16842 MER); MDW Pan LLP (15-16843 MER); MDW Gold Rock LLP (15-16844 MER); Midway Gold Realty LLC (15-16845 MER); MDW Mine ULC (15-16846 MER); GEH (B.C.) Holding Inc. (15-16847 MER) , GEH (US) Holding Inc. (15-16848 MER).

E. The Debtors' corporate headquarters and their executive level and senior management are all located in Englewood, Colorado and have been for the 180 days immediately prior to the Petition Date. Accordingly, venue of these cases and related proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

F. On September 10, 2015, Debtors filed a motion captioned, *Motion of Motion of Debtors for an Order Establishing Certain Notice, Case Management and Administrative Procedures Pursuant to 11 U.S.C. § 105 and Rules 2002 and 9007 of the Bankruptcy Rules* (the "Motion") (Docket No. 289). The case management procedures are more specifically identified in the Notice, Case Management and Administrative Procedures attached the Motion as Exhibit A (the "Case Management Procedures").

G. On September 25, 2015, the United States Trustee ("UST") filed a limited objection to the Motion (the "Limited Objection") (Docket No. 355).

NOW, THEREFORE, to resolve the Limited Objection, the Debtors and UST hereby stipulate and agree as follows:

## Agreement

1. Monthly Operating Report. In the Motion, the Debtors requested that they be permitted to submit a single consolidated Monthly Operating Report ("MOR"). In the ordinary course of business, the Debtors have been and will continue to maintain separate books and records for each of the Debtors, but they have not historically prepared separate financial statements. To alter the current procedures and direct the Debtors' financial advisor to generate fourteen separate MORs would impose undue administrative burdens and expenses upon the Debtors—the fees to the financial advisor would be substantial. The UST does not oppose the Debtors filing a single consolidated Monthly Operating Report for each reporting period. Accordingly, for each reporting period, Debtors may file one consolidated MOR that includes reporting for each of the fourteen filing entities. The consolidated MORs will be in substantially the same format as the August 2015 Monthly Operating Report (Docket No. 357). As was included in the August 2015 Monthly Operating Report, the consolidated MORs will include the following: (1) a table in substantial conformity to the one identified in paragraph 6 of the UST's Limited Objection for the applicable reporting period; (2) copies of all Debtors' bank statements and corresponding bank statement reconciliations for the applicable reporting period; and (3) the receipts and disbursements detail for each Debtor for the applicable reporting period. The UST reserves the right to seek an order of the Court vacating or modifying any order that allows consolidated monthly operating reports if the reports do not provide sufficient disclosure and/or if the reports reflect activities that cannot be adequately disclosed on a consolidated basis. Debtors reserve all rights to object to any such relief sought by the UST.

2. Omnibus Hearings. Given the number of parties in interest and the size and complexity of Debtors' cases, in the Motion, the Debtors requested that the Court scheduled regular, monthly omnibus hearings. The UST does not object to the Court

permitting monthly omnibus hearings. However, the UST reserves all rights to file a motion to limit monthly omnibus hearings if the volume of matters pending in the case no longer justifies this procedure. Debtors reserve all rights to object to any such relief sought by the UST.

3. The Case Management Procedures. The Case Management Procedures shall be amended as reflected in the attached Exhibit 1 to reflect the terms of this Stipulation. A redline version of the amended Case Management Procedures is attached hereto as Exhibit 2. Debtors agree to file a motion with the Court seeking approval of this Stipulation. Such motion shall also seek an order granting the Motion subject to the terms and conditions of this Stipulation and the amended Case Management Procedures attached hereto as Exhibit 1.

Dated October 5, 2015.

Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE

*/s/ Leo M. Weiss*

Leo M. Weiss, #15294
Trial Attorney
1961 Stout Street, Suite 12-200
Denver, Colorado 80264
(30) 312-7244
(303) 312-7259 fax
leo.m.weiss@usdoj.gov

[SIGNATURES OF DEBTORS' COUNSEL ON FOLLOWING PAGE]

Dated: October 5, 2015.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

/s/ *Stephen D. Lerner*

Stephen D. Lerner (Ohio #0051284)
Squire Patton Boggs (US) LLP
221 E. Fourth Street, Suite 2900
Cincinnati, OH 45202
(513) 361-1200 (phone)
(513) 361-1201 (fax)
Stephen.lerner@squirepb.com
Admitted to District Court for District of Colorado

Nava Hazan (NY # 3064409)
Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
(212) 872-9800
(212) 872-9815
Nava.hazan@squirepb.com
Admitted to District Court for District of Colorado

SENDER WASSERMAN WADSWORTH, P.C.

*/s/ Aaron J. Conrardy*

Harvey Sender, #7546
Aaron J. Conrardy, #40030
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
(303) 296-1999; (303) 296-7600 (fax)
hsender@sww-legal.com

**Attorneys for the Debtors and Debtors in Possession**