UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 15-16835-MER |
| MIDWAY GOLD US INC., *et al.* | Chapter 11 |
| Debtors. | Jointly Administered Under Case. No. 15-16835-MER |

**RESPONSE IN SUPPORT OF SALE, SUBJECT TO RESERVATION OF RIGHTS AND CONDITIONAL OBJECTION, OF BARRICK GOLD EXPLORATION INC. TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE PRIVATE SALE OF THE SPRING VALLEY PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO SECTIONS 363(B) AND (F) OF THE BANKRUPTCY CODE, (B) APPROVING THE ASSET PURCHASE AGREEMENT WITH SOLIDUS RESOURCES, LLC, (C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (D) GRANTING RELATED RELIEF**

Barrick Gold Exploration Inc. ("Barrick") supports the proposed sale of the estate's 30% interest in the Spring Valley Project to Solidus Resources, LLC ("Solidus"). Barrick joins the Debtors in requesting that the sale be approved at the December 14 hearing, and that the sale be permitted to close without delay.

Barrick nonetheless must reserve its rights as to certain aspects of the proposed relief set forth in the Motion Of Debtors And Debtors In Possession For Entry Of An Order (A) Authorizing The Private Sale Of The Spring Valley Property Free And Clear Of Liens, Claims, And Interests Pursuant To Sections 363(b) And (f) Of The Bankruptcy Code, (B) Approving The Asset Purchase Agreement With Solidus Resources, LLC, (C) Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases, And (D) Granting Related Relief [Docket No. 507] (the "Sale Motion"). If Barrick consummates the sale of its own interest in the Spring Valley Project prior to or contemporaneously with Midway's sale, then Barrick's concerns will be moot. Barrick currently anticipates that will occur. However, if for some unanticipated reason Midway's

sale were to close prior to Barrick's, then certain terms of the relief Midway is seeking in the Sale Motion are improper and should not be approved, as set forth herein.

Barrick and Debtor Midway Gold US Inc. ("Midway") jointly own the Spring Valley Project pursuant to an Exploration, Development and Mine Operating Agreement, dated as of March 9, 2009 (as amended, the "Spring Valley Agreement"). Barrick is the manager and currently owns 70% of the Spring Valley Project, with the right to acquire an additional 5% upon the achievement of certain milestones.

The Spring Valley Agreement provides that Midway could elect to have Barrick finance ("carry") Midway's share of exploration and development costs relating to the Spring Valley Project. Midway made this election, and to date Barrick has advanced more than $7 million for Midway's benefit exploring and developing the project (in addition to approximately $60 million that Barrick has spent on its own behalf). Barrick is entitled to interest on this carried amount, and administrative fees, which continue to accrue. These amounts are payable out of future production at the Spring Valley Project.

Midway granted Barrick a lien on Midway's interest in the Spring Valley Project to secure all claims arising under the Spring Valley Agreement.[1] Barrick perfected this lien through a Special Warranty Deed and Assignment (the "Deed and Assignment"), entered into on February 28, 2014,

---

[1] The Spring Valley Agreement provides:

(a) … [E]ach Participant grants to the other Participant a lien upon and a security interest in its Participating Interest, including all of its right, title and interest in the Assets, whenever acquired or arising, and the proceeds from and accessions to the foregoing; …

(b) The liens and security interests granted by Subsection 6.5(a) shall secure every obligation or liability of the Participant granting such lien or security interest created under this Agreement, including the obligation to repay a Cover Payment in accordance with Section 10.4.

Spring Valley Agreement § 6.5.

which was recorded with the Pershing County, Nevada County Recorder on March 26, 2014.[2] Barrick's claim against Midway thus is secured by a perfected, first priority lien on Midway's 30% interest in the Spring Valley Project – the same interest that the Debtors are proposing to sell to Solidus. Barrick has filed a proof of claim in the Debtors' chapter 11 cases (Claim No. 223) which evidences these claims.

Although the Debtors have stated that they dispute Barrick's claims and liens, no claim objection or adversary proceeding has been filed with respect to them. The Sale Motion provides no basis for disputing Barrick's claims or liens, other than to state in a footnote that the Debtors believe that Barrick's lien is somehow unperfected, and that "the Debtors dispute both the existence of any non-contingent and allowable claim and that there is a perfected security interest in favor of Barrick to support any such claim." Sale Motion at 9, n.7.[3]

---

[2] A copy of the Deed and Assignment is attached as Exhibit C to the Opposition Of Barrick Gold Exploration Inc. To Midway Gold US Inc.'s Emergency Motion For Preliminary Injunction ("Injunction Opposition") filed as Docket No. 32 in Adv. Pro. No. 15-01412-MER. Barrick hereby incorporates pages 22 through 26 of the Injunction Opposition, which establish the perfection of Barrick's lien and other rights under the Spring Valley Agreement.

[3] That Barrick's claim may be "contingent" is irrelevant; Barrick has an allowable claim in bankruptcy. *See* 11 U.S.C. § 101(5) (claim includes unliquidated, contingent, and unmatured rights to payment); 11 U.S.C. § 502(b)(1) (contingent, unmatured nature of claim is not a basis for objection). Moreover, a "claim against property of the debtor" constitutes a claim under the Bankruptcy Code, 11 U.S.C. § 102(2), and thus Barrick's right to recover from Midway's share of production of Spring Valley is an allowable claim. *Johnson v. Home State Bank*, 501 U.S. 78, 85 (1991) ("A fair reading of § 102(2) is that a creditor who, like the Bank in this case, has a claim enforceable only against the debtor's property nonetheless has a 'claim against the debtor' for purposes of the Code."). Here, Barrick's rights under the Spring Valley Agreement – including in respect of the "carry", interest, and administrative fees – are or will give rise to "rights to payment," and therefore are allowable claims under the Bankruptcy Code. Section 502(c) provides that any contingent or unliquidated claim shall be estimated for purposes of settling a bankrupt estate.

Moreover, the Midway/Solidus sale agreement currently provides for the assumption and assignment of the Spring Valley Agreement, which requires the Debtors to cure any defaults. Were the sale agreement to instead provide for the rejection of the Spring Valley Agreement, Barrick would be entitled to rejection damages, which would be secured by Barrick's lien on Midway's interest in the project. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) ("Section 502(c) provides that any contingent or unliquidated claim shall be estimated for

On November 12, 2015, Barrick entered into an agreement to sell its interest in the Spring Valley Project to Solidus. Among the assets that Barrick will be selling to Solidus are (1) Barrick's rights and obligations under the Spring Valley Agreement, and (2) Barrick's claims against Midway relating to the Spring Valley Agreement, specifically Claim No. 223. Barrick anticipates that this sale will close on or about December 17, 2015.

Barrick understands that the closing of its own sale to Solidus is a condition to the closing of Midway's sale to Solidus. If Barrick's own sale to Solidus closes (as is anticipated), then Barrick will have no objection to the proposed terms of Midway's sale to Solidus. However, the Midway/Solidus agreement appears to permit the parties to waive the condition of the Barrick/Solidus sale closing. Were that to happen, then the Midway/Solidus sale would be objectionable as follows:

1. The proposed sale to Solidus is "free and clear" of all liens and encumbrances. However, the Debtors' proposed sale to Solidus includes the assumption and assignment of the Debtors' rights and obligations under the Spring Valley Agreement. As noted, the Spring Valley Agreement expressly provides that Barrick shall have a lien on Midway's interest in Spring Valley to secure all obligations under that agreement. In order to assume and assign the Spring Valley Agreement, the Debtors (and their assignee, Solidus) must agree to comply with all terms and conditions of that agreement, including but not limited to honoring Barrick's contractual lien after the sale closes.

2. Even if Midway were not proposing to assume and assign the Spring Valley Agreement, it still must honor Barrick's lien as a secured claim in Midway's chapter 11 case. As

---

(cont'd)..
purposes of settling a bankrupt estate. Under this provision losses occasioned by the rejection of a collective-bargaining agreement must be estimated, including unliquidated losses attributable to fringe benefits or security provisions like seniority rights.").

noted, Barrick has a perfected, first priority lien on the Debtors' interest in the Spring Valley Project. Although the Debtors cite Bankruptcy Code section 363(f) as the basis for a "free and clear" sale, they have not identified which, if any, of the grounds specified in section 363(f) apply. In particular, the Debtors have not identified any basis for avoiding or otherwise objecting to Barrick's lien, and thus it is not in *bona fide* dispute. Nor have the Debtors identified any other statutory basis for a free and clear sale. Thus, the Debtors may not sell their interest in the Spring Valley Project free and clear of Barrick's lien.

3. The Sale Motion states that "any such purported liens, claims, and encumbrances [will be] attaching to the sale proceeds in the same priority and to the same extent as they may currently exist." Sale Motion at 18. However, the Sale Motion does not provide for the segregation of the proceeds or otherwise adequately protect Barrick's interest in the proceeds.

4. The Spring Valley Agreement grants both Barrick and Midway contractual rights of first refusal to purchase each other's shares of the Spring Valley Project (the "ROFR"). *See* Spring Valley Agreement § 15.3 & Ex. G. Among other things, Midway was required to provide Barrick with at least 30 days notice and an opportunity for Barrick to match any offer for Midway's interest. Midway has failed to comply with that requirement, and thus cannot sell the Spring Valley Project. First, Midway is purporting to assume and assign the Spring Valley Agreement, and thus must cure all defaults and otherwise comply with its terms, including the ROFR. Second, as assignee of the Spring Valley Agreement, Solidus must also comply with the ROFR going forward in accordance with its terms. Finally, even if Midway were to purport to reject the Spring Valley Agreement (rather than assume and assign it to Solidus), the ROFR is a valid, recorded encumbrance on the property, and thus Midway's interest cannot be sold free and clear of it.

## CONCLUSION

As noted, Barrick supports the prompt approval of Midway's proposed sale to Solidus. Nonetheless, in the unlikely event that Midway's sale were to close prior to Barrick's, Midway's sale must provide for the protection of Barrick's lien, ROFR, and other rights.

Dated: December 11, 2015      Respectfully submitted,

By:    */s/ Matthew J. Ochs*
       Matthew J. Ochs, #31713
       HOLLAND & HART LLP
       555 Seventeenth St., Suite 3200
       P.O. Box 8749
       Denver, CO 80201-8749
       Telephone: (303) 295-8000
       mjochs@hollandhart.com

       -and-

       K. John Shaffer
       Matthew Scheck
       Quinn Emanuel Urquhart & Sullivan, LLP
       865 S. Figueroa St., 10th Floor
       Los Angeles, CA 90017
       Telephone: (213) 443-3000
       Johnshaffer@quinnemanuel.com
       Matthewscheck@quinnemanuel.com

       James C. Tecce
       51 Madison Avenue, 22nd Floor
       New York, NY 10010
       Tel: 212-849-7000
       Fax: 212-849-7100
       Jamestecce@quinnemanuel.com
       williampugh@quinnemanuel.com

       *Attorneys for Barrick Gold Exploration Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 11, 2015, I served a copy of the foregoing *Response In Support Of Sale, Subject To Reservation Of Rights And Conditional Objection, Of Barrick Gold Exploration Inc. To Motion Of Debtors And Debtors In Possession For Entry Of An Order (A) Authorizing The Private Sale Of The Spring Valley Property Free And Clear Of Liens, Claims, And Interests Pursuant To Sections 363(B) And (F) Of The Bankruptcy Code, (B) Approving The Asset Purchase Agreement With Solidus Resources, LLC, (C) Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases, And (D) Granting Related Relief* to the following by:

|   |   |
|---|---|
| ☐ | U.S. Mail, postage prepaid |
| ☐ | Hand Delivery |
| ☐ | Fax |
| ☒ | Electronic Service |

- Aaron J. Conrardy    aconrardy@sendwass.com, Rhonda@sendwass.com
- Nava Hazan    nava.hazan@squirepb.com, lynn.cirrincione-boccia@squirepb.com
- Stephen D. Lerner    stephen.lerner@squirepb.com, karen.graves@squirepb.com
- Peter R. Morrison    peter.morrison@squirepb.com, susan.cannavino@squirepb.com
- Harvey Sender    Sendertrustee@sendwass.com
- Andrew Michael Simon   andrew.simon@squirepb.com,catherine.boggs@squirepb.com
- Scott A. Kane    scott.kane@squirepb.com
- Elliot M. Smith    elliot.smith@squirepb.com, kimberly.smiddy@squirepb.com
- Brian P. Gaffney  bgaffney@swlaw.com
- Caroline C. Fuller    cfuller@fwlaw.com, jboling@fwlaw.com
- Jeffrey L. Cohen  jcohen@cooley.com
- US Trustee    USTPRegion19.DV.ECF@usdoj.gov
- Leo M. Weiss    Leo.M.Weiss@usdoj.gov


                                        *s/Andrew Murray*

8308617_1