**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 15-16835 MER** |
| | ) | |
| **MIDWAY GOLD US INC.** ***et al.*****,**[1] | ) | **Chapter 11** |
| | ) | **Jointly Administered Under** |
| **Debtors.** | ) | **Case No. 15-16835 MER** |
| | ) | |

---

**SUPPLEMENTAL MOTION FOR ENTRY OF AN ORDER APPROVING AMENDED DISCLOSURE STATEMENT FOR THE DEBTORS' PROPOSED SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION**

---

Midway Gold US Inc. and the affiliated debtors and debtors in possession in these cases (collectively, the "Debtors"), hereby file this *Supplemental Motion for Entry of an Order Approving Amended Disclosure Statement for the Debtors' Proposed Second Amended Joint Chapter 11 Plan of Liquidation* (the "Supplemental Motion") and respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases under 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The venue of these cases and related proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On September 14, 2016, the Court held a hearing[2] (the "DS Hearing") to consider approving the Debtors' proposed *Disclosure Statement for First Amended Joint Chapter 11 Plan*

---

[1] The Debtors and their respective case numbers are: Midway Gold US Inc. (15-16835 MER); Midway Gold Corp. (15-16836 MER); Golden Eagle Holding Inc. (15-16837 MER); MDW-GR Holding Corp. (15-16838 MER); RR Exploration LLC (15-16839 MER); Midway Services Company (15-16840 MER); Nevada Talon LLC (15-16841 MER); MDW Pan Holding Corp. (15-16842 MER); MDW Pan LLP (15-16843 MER); MDW Gold Rock LLP (15-16844 MER); Midway Gold Realty LLC (15-16845 MER); MDW Mine ULC (15-16846 MER); GEH (B.C.) Holding Inc. (15-16847 MER); GEH (US) Holding Inc. (15-16848 MER).

*of Liquidation* (the "Disclosure Statement") (Docket No. 1059) with respect to the Debtors' proposed *First Amended Joint Chapter 11 Plan of Liquidation* (the "Plan") (Docket No. 1058).[3]

5. The Debtors previously filed the *Motion for Entry of an Order (A) Approving Disclosure Statement, (B) Approving Procedures for Solicitation of Votes on Joint Chapter 11 Plan of Liquidation, and (C) Scheduling Hearing for Confirmation of Joint Chapter 11 Plan of Liquidation* (the "Original DS Motion") (Docket No. 978), which set forth, among other things, the specific relief requested, including the entry of a proposed form of order and the approval of certain procedures, forms, dates, and deadlines, and the legal basis for the relief.

6. Prior to the DS Hearing, the Debtors worked diligently to resolve all outstanding objections to the adequacy of the information contained in the Disclosure Statement (including formal and informal objections raised by certain mechanic's lien claimants and the United States Securities and Exchange Commission) by adding language and additional disclosures as necessary. However, certain objections raised by the United States Trustee (Docket No. 1004), Ledcor CMI, Inc. ("Ledcor") (Docket No. 1020), and Jacobs Field Services North America, Inc. ("Jacobs") (Docket No. 1026) were not resolved and were addressed by the Court at the DS Hearing.

7. At the conclusion of the hearing, the Court found that the remaining unresolved objections were confirmation issues to be heard at the confirmation hearing or that needed to be resolved in connection with the adversary proceeding styled *EPC Services Company v. Midway Gold US Inc., et al.*, Adv. Pro. No. 16-1172 MER (the "Adversary Proceeding"), and that the disclosures in the Disclosure Statement were otherwise adequate:

---

[2] A transcript of the hearing (the "DS Hearing Transcript") is on file with the Court at Docket No. 1169.

[3] Previous versions of the Disclosure Statement are on file at Docket Nos. 974 and 1009, and previous versions of the Plan are on file at Docket Nos. 973 and 1007. Capitalized terms used but not otherwise defined herein shall have the meanings given in the Plan.

> With respect to the disclosure statement which is in front of me, I agree with Mr. Lerner that most of the comments made by Counsel for Ledcor and Jacobs are either issues that directly relate to the adversary or are confirmation issues. Having read the objections and read the disclosure statement last night again, I think the disclosures, for purposes of the disclosure statement, are adequate. So I won't require any additional information with respect to that.

DS Hearing Transcript, 88:14-21.

8. The only change to the Disclosure Statement that was required by the Court was that the proposed Liquidating Trust Agreement be filed at least 20 days prior to expiration of the deadline to vote on the Plan. With that change, the Court conditionally approved the Disclosure Statement, subject to resolving the open issues with Ledcor and Jacobs in connection with the Adversary Proceeding. The Court also declined to set a timeline for the solicitation process and confirmation hearing until the Adversary Proceeding was resolved. Following the DS Hearing, the Court entered the following minute entry at Docket No. 1066:

> The Debtor's Amended Disclosure Statement filed on September 13, 2016, will be conditionally approved with the one change described on the record. No dates for mailing, voting or a confirmation hearing will be set at this time. The Court will set the appropriate dates and deadlines dependent on motions to dismiss and/or for judgment on the pleadings to be adjudicated between Commonwealth Bank of Australia, Jacobs Field Services and Ledcor CMI Inc. in pending adversary proceeding No. 16-1172 MER.

9. On January 19, 2017, the Court entered an order ruling on the pending motions and dismissing the Adversary Proceeding (Adversary Docket No. 84). As a result of the ruling, the parties engaged in settlement negotiations and successfully resolved all open disputes with Ledcor and Jacobs.[4] As a result of the settlements with Ledcor and Jacobs, certain aspects of the existing settlements with the Subordinate Agent and the Mechanics' Lien Claimants required slight modifications as well.

[4] The dispute with Ledcor was settled prior to the hearing on the motions in the Adversary Proceeding.

10. The terms of each of the foregoing settlements are set forth in the Debtors' proposed *Second Amended Joint Chapter 11 Plan of Liquidation* (the "Second Amended Plan") filed concurrently herewith, and conforming changes were made to the Debtors' proposed *Amended Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation* (the "Amended Disclosure Statement") also filed concurrently herewith. The Second Amended Plan and the Amended Disclosure Statement contain other cleanup changes and updates, including to account for the passage of time since the DS Hearing, and comprehensive redlines reflecting all changes made to the versions last filed with the Court are being filed with the Court contemporaneously with the filing of this Supplemental Motion. However, the overall structure of the Plan and classification and treatment of claims remains substantially the same except in relation to the treatment afforded by the settlements with the affected parties.

11. The changes to the Second Amended Plan and the Amended Disclosure Statement have been reviewed by the Committee, the Senior Agent, the Subordinate Agent, Jacobs, Ledcor, and the Mechanic's Lien Claimants, and the Debtors understand that each of those parties supports approval of the Amended Disclosure Statement. Furthermore, in light of the settlements, the Debtors anticipate that the confirmation hearing and the Debtors' request that the Court confirm the Second Amended Plan will be largely, if not entirely, consensual.

## RELIEF REQUESTED

12. The Debtors respectfully request that the Court enter an order (the "DS Order"), substantially in the form attached hereto as Exhibit A, (a) granting the Original DS Motion and this Supplemental Motion, (b) approving the Amended Disclosure Statement as containing adequate information for purposes of section 1125 of the Bankruptcy Code and for use in connection with soliciting votes on the Second Amended Plan, and (c) approving the procedures

described in the Original DS Motion (including the Solicitation Procedures and the Tabulation Procedures) and the forms of ballots and notices attached as exhibits to the Original DS Motion.

13. The Debtors further request that the Court enter the DS Order without further notice or hearing based on the record of the DS Hearing and the resolution of the outstanding disputes through the settlements described in the Amend Disclosure Statement and Second Amended Plan. However, if the Court determines that a hearing is necessary, the Debtors respectfully request that the hearing be expedited and scheduled during the week of February 27, 2017, or as soon thereafter as the Court's schedule permits.

14. With respect to the timeline for proceeding with solicitation and a confirmation hearing, the Debtors respectfully request that the Court approve the following timeline:

- Voting Record Date – February 28, 2017
- Voting Deadline – April 7, 2017
- Confirmation Objection Deadline – April 7, 2017
- Confirmation Hearing – April 17, 18 or 19, 2017.

**BASIS FOR RELIEF**

15. The basis for the relief requested is set forth in detail in the Original DS Motion and is incorporated herein by reference. The Amended Disclosure Statement contains the same information that the Court already found to be adequate at the DS Hearing, and the additional information simply discloses the terms of the various settlements that have been reached with Jacbos, Ledcor, and the other key parties, and otherwise reflects cleanup changes and updates.

16. The Debtors respectfully submit that adequate notice of the Amended Disclosure Statement has been given under the circumstances through the notice that was provided in connection with the prior Disclosure Statement and the DS Hearing, and the Court's conditional approval of the prior Disclosure Statement as reflected on the docket of these cases. The changes and updates to the Amended Disclosure Statement primarily impact the parties to the

settlements, each of whom has already reviewed and approved the language including in the Amended Disclosure Statement.

WHEREFORE, the Debtors respectfully request that the Court enter the DS Order, substantially in the form attached hereto, granting the relief requested in the Original DS Motion and this Supplemental Motion, and such other and further relief as may be just and proper.

Dated: February 24, 2017.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

/s/ *Stephen D. Lerner*
Stephen D. Lerner (Ohio #0051284)
Squire Patton Boggs (US) LLP
221 E. Fourth Street, Suite 2900
Cincinnati, OH 45202
(513) 361-1200 (phone)
(513) 361-1201 (fax)
Stephen.lerner@squirepb.com
Admitted to District Court for District of Colorado

Nava Hazan (NY # 3064409)
Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
(212) 872-9800
(212) 872-9815
Nava.hazan@squirepb.com
Admitted to District Court for District of Colorado

SENDER WASSERMAN WADSWORTH, P.C.

*/s/ Aaron J. Conrardy*
Harvey Sender, #7546
Aaron J. Conrardy, #40030
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
(303) 296-1999; (303) 296-7600 (fax)
hsender@sww-legal.com
aconrardy@sww-legal.com

**Attorneys for the Debtors and Debtors in Possession**